UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARESSE MOHR, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 4451 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| WEATHER TECH a/k/a MACNEIL AUTOMOTIVE PRODUCTS LIMITED, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Sharesse Mohr brought this suit against her former employer, WeatherTech a/k/a/ MacNeil Automotive Products Limited, alleging that it fired her because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and also that it negligently failed to preserve evidence relevant to her discrimination claim in violation of Illinois spoliation law. Doc. 39. MacNeil moves to dismiss the spoliation claim under Civil Rule 12(b)(6). Doc. 41. The motion is granted.

### Background

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Mohr's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013). The facts are set forth as favorably to Mohr as those materials allow. *See Pierce v. Zoetis, Inc.*,

1

818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

MacNeil employed Mohr, an African-American woman, as a customer service representative from April 8, 2014 to August 9, 2016. Doc. 39 at ¶ 3. MacNeil did not consistently enforce its attendance policies, permitting white employees to be tardy or absent so long as they provided notice and made up lost time. *Id.* at ¶¶ 8-11. By contrast, when Mohr showed up slightly late, her supervisor, Paula Strelczyk, would reprimand her. *Id.* at ¶ 15. Mohr missed work on August 8, 2016 because, as she explained to Strelczyk in a text message, her car had been towed. *Id.* at ¶¶ 16-17. Mohr texted Strelczyk the next morning to say that she would miss work again due to a burst pipe in her apartment. *Id.* at ¶ 18. Strelczyk responded, "You have had 7 unpaid days off in the last 30 days. This is not acceptable. Please see HR tomorrow because we have to terminate your position." *Id.* at ¶ 21.

On August 20, Mohr went to work and was given a box containing the personal items collected from her desk. *Id.* at ¶ 25. The only item not returned was a calendar that she had received from one of her managers. *Id.* at ¶¶ 22, 25. Mohr kept track of a variety of personal and work-related events on the calendar. *Id.* at ¶ 23. She also wrote down the times that a white co-worker, William Heisler, arrived at the office late without reprimand by writing "His" followed by the time. *Id.* at ¶ 24. On those days, Mohr would note the time that she had arrived by writing "Mine" followed by the time. *Ibid.*

During discovery over a year later, Mohr identified the calendar as a relevant document. *Id.* at ¶ 26. When MacNeil failed to produce the calendar in written discovery, Mohr realized that MacNeil had either lost or destroyed it. *Ibid.*

2

## Discussion

Under Illinois law, a negligent spoliation claim has the same four elements as a standard negligence claim: duty, breach, causation, damages. *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 608 (7th Cir. 2016). The duty has two conditions:

> Illinois law imposes no general duty to preserve evidence, but a duty arises if two conditions are satisfied. First, a "relationship" condition: the duty must arise by agreement, contract, statute, special circumstance, or voluntary undertaking. Second, a "foreseeability" condition: the duty to preserve must extend to the evidence at issue—*i.e.*, whether a reasonable person should have foreseen that the evidence was material to a potential civil action. A plaintiff must satisfy both the relationship condition and the foreseeability condition to prove that a duty to preserve evidence existed.

*Id.* at 609 (quotations omitted). Mohr's allegations do not satisfy either of the two conditions for the duty element.

As to the "relationship" condition, and more specifically the "special circumstance[s]" giving rise to a duty to preserve evidence, "mere possession of the evidence is not enough to impose a duty. Nor is being the plaintiff's employer, or being a potential litigant. But a request by a plaintiff to preserve the evidence, or a defendant's segregation of the evidence for the plaintiff, are recognized as special circumstances." *Ibid.* (citing *Martin v. Keeley & Sons, Inc.*, 979 N.E.2d 22, 31-32 (Ill. 2012)).

Mohr asserts that a special circumstance is present because MacNeil segregated evidence for her benefit when it gathered personal items from her desk and placed them in a box for her to collect. Doc. 45 at 6-7. But for all that is apparent from Mohr's allegations, MacNeil did not set aside the items from Mohr's desk to preserve evidence for future investigation or litigation—it was simply boxing up her personal property to return to her, as it would do for any employee who had been fired. By contrast, the two cases cited by Mohr in which courts recognized the "segregation of evidence" special circumstance involves situations where the defendant realized

3

that the items in question were evidence and set them aside for that reason. *See Schaefer*, 839 F.3d at 610 (holding that a special circumstance was present where the defendant collected a scaffolding bar "for safekeeping because of its role in [the plaintiff's] accident" and "kn[ew] that [the plaintiff] was looking for it"); *Miller v. Gupta*, 672 N.E.2d 1229, 1231 (Ill. 1996) (holding that the plaintiff stated a negligent spoliation claim where a housekeeper shredded x-rays that the defendant had set aside to make copies in response to a discovery request).

Mohr's allegations do not suggest that MacNeil segregated evidence for her when it boxed up the personal items from her desk. And having put forward no other reason why the "relationship" condition is satisfied, Mohr has forfeited any such argument. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted).

Mohr's failure to allege facts that could plausibly satisfy the "relationship" condition of the duty element of her negligent spoliation claim is, on its own, sufficient to grant MacNeil's motion to dismiss. *See Schaefer*, 839 F.3d at 609. But Mohr also fails to satisfy the "foreseeability" condition. That condition requires the plaintiff to demonstrate that "a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." *Martin*, 979 N.E.2d at 662.

Mohr contends that, given "the parties' deteriorating relationship," MacNeil should have foreseen that she would bring a discrimination claim. Doc. 45 at 8-10. But the pleadings do not indicate that Mohr ever expressed to MacNeil her belief that the relationship was deteriorating due to Strelczyk's racial animus. More particularly, her allegations do not suggest that she ever complained that Strelczyk permitted white employees to arrive late while reprimanding Mohr for minor tardiness. Absent such allegations, no one at MacNeil could have been expected to examine Mohr's calendar for indications of any such disparity, let alone divine that the "His" and "Mine" times marked on certain days on the calendar documented a racial disparity.

## Conclusion

MacNeil's motion to dismiss is granted. Mohr's negligent spoliation claim (Count II of the operative complaint) is dismissed, but the dismissal is without prejudice to repleading. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). Mohr has until July 19, 2018 to amend her complaint. If Mohr amends her complaint, MacNeil shall respond by August 2, 2018. If Mohr does not amend, the dismissal of her negligent spoliation claim will convert automatically to a dismissal with prejudice.

July 5, 2018

_____
United States District Judge